UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE W. CARLISLE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV2415SNL |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| MENTAL HEALTH, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM

*Pro se* plaintiff has filed this Title VII employment discrimination action alleging that defendant has discriminatorily failed to hire him on the basis of age, sex, and race. This matter is before the Court on the defendant's motion for judgment on the pleadings (#14), filed August 14, 2006. Responsive pleadings have been filed.

When considering a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, the Court must accept all of the factual allegations set out in the complaint as true and construe the complaint in a light most favorable to the plaintiff. Wishnatsky v. Rovner, et. al., 433 F.3d. 608, 610 (8th Cir. 2006); Waldron v. Boeing Co., 388 F.3d. 591, 593 (8th Cir. 2004); Faibisch v. University of Minnesota, 304 F.3d. 797, 802 (8th Cir. 2002). Should a court consider matters outside the pleadings, a motion for judgment on the pleadings "shall be treated as one for summary judgment." Rule 12(c) Fed.R.Civ.P. "However, any error in a district court's failure to treat a motion for judgment on the pleadings as one for summary judgment `is harmless if the nonmoving party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from the record.'" Surgical Synergies, Inc. v. Genesee Associates, Inc., 432 F.3d. 870. 873 (8th Cir. 2005) *quoting* Kerr v.

Fed. Emergency Mgmt. Agency, 113 F.3d. 884, 885 (8th Cir. 1997)(internal citations omitted). Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved, and the movant is entitled to judgment as a matter of law. Wishnatsky, at 610; Waldron, at 593; Faibisch, at 802.

In the instant matter, defendant argues that 1) plaintiff's claim for sex discrimination should be dismissed for failure to exhaust administrative remedies as to this claim; and 2) plaintiff's claim for age discrimination should be dismissed since Title VII does not recognize a claim for age discrimination; or in the alternative, even if the Court should find a claim under ADEA, said claim is barred by the Eleventh Amendment. Plaintiff counters that he is not, nor ever was, during the relevant time-period, an employee of the State of Missouri. He further argues that he filed his discrimination claim with the Missouri Commission on Human Rights, not the EEOC. He further argues that he "intends to pursue his claim using all avenues that are available, including the Civil Rights Act, the Age Discrimination in Employment Act, and The Fair Labor Standards Act." Plaintiff's Objection to Defendant's Motion for Judgment on the Pleadings (#16). Finally, plaintiff argues that "special circumstances" waive the defendant's Eleventh Amendment immunity from an ADEA claim.

After careful consideration of the courtfile, including the instant motion and responsive pleadings, as well as relevant caselaw, the Court determines that plaintiff has not exhausted his administrative remedies as to his sex discrimination claim; and that plaintiff has failed to state a claim for age discrimination under Title VII or in the alternative, as an ADEA claim it is barred by Eleventh Amendment immunity.

It is undisputed that plaintiff did not check the box labeled "SEX" in the subsection of his administrative charge titled **Cause of Discrimination Based On (Check appropriate box(es)).**

Plaintiff only checked the boxes labeled "RACE" and "AGE". In the body of the charge, plaintiff clearly limited his charge of discrimination to age and race. "I believe that I was discriminated against on the basis of my age and race". Plaintiff's Complaint, Document 3-2, filed December 30, 2005. Furthermore, plaintiff checked the subsection of the administrative charge indicating that he wanted the charge filed both with the EEOC and the MCHR.

As a prerequisite to filing a judicial complaint under Title VII, a plaintiff must file a timely charge of discrimination with the EEOC. Exhaustion of administrative remedies is essential because it provides the EEOC the first opportunity to investigate discriminatory practices and fulfill its roles of obtaining voluntary compliance and promoting conciliatory efforts. Shannon v. Ford Motor Co., 72 F.3d. 678, 684 (8th Cir. 1996); Williams v. Little Rock Mun. Water Works, 21 F.3d. 218, 222 (8th Cir. 1994).

Under federal law, a plaintiff has exhausted his or her administrative remedies if "the allegations of the judicial complaint [must be] like or reasonably related to the administrative charges that were timely brought." Boge v. Ringland-Johnson-Crowley Co., 976 F.2d. 448, 451 (8th Cir. 1992) *quoting* Anderson v. Block, 807 F.2d. 145, 148 (8th Cir. 1986); *see also,* Williams , at 222; Satz v. I.T.T. Fin.Corp., 619 F.2d. 738, 741 (8th Cir. 1980). Claims may be considered "like or reasonably related" when they "could reasonably be expected to grow out of the charge of discrimination." Cobb v. Stringer, 850 F.2d. 356, 359 (8th Cir. 1988). Although an EEOC charge is to be liberally construed, "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." Williams, at 223 *quoting* Babrocky v.

Jewel Food Co., 773 F.2d. 857, 863 (7th Cir. 1986); Shannon, at 685; Manse v. Union Electric Co., 961 F.Supp. 1296, 1303 (E.D.Mo. 1997)(citations omitted).[1]

A failure-to-hire sex discrimination claim is not "like or reasonably related" to claims for race and/or age discrimination. There is nothing in the plaintiff's administrative charge which would lead anyone to believe that his claim for sex discrimination could reasonably be expected to grow out of his claims for age and race discrimination. Since plaintiff has failed to exhaust his administrative remedies as to his Title VII claim for sex discrimination, said claim will be dismissed.

As for his age discrimination claim, it is true that Title VII does not recognize such a claim; however, since the plaintiff is proceeding *pro se* and the form used does not consider an ADEA claim per se, the Court will accord the plaintiff some flexibility and assume that he wishes to pursue an ADEA claim against this defendant. However, plaintiff is still precluded from pursuing an ADEA claim against this defendant.

State agencies, such as the defendant, acting as "arms" of the state are legally treated as though they were the state itself; and therefore, are accorded full immunity from civil suit as proscribed by the Eleventh Amendment. *See*, Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Nixon, 210 F.3d. 814, 819 (8th Cir. 2000). The only way a private plaintiff can proceed against a state defendant is to sufficiently demonstrate that the state defendant has waived its Eleventh Amendment immunity or that its Eleventh Amendment immunity has been abrogated by an act of Congress. *See*, Hall v. Missouri Highway and Transport Commission, 995 F.Supp. 1001, 1007 (E.D.Mo. 1998). It is undisputed that defendant Missouri Dept. of Mental Health (MDMH) has

---

[1] This analysis is applicable to claims brought under the MHRA. *See*, Tart v. Hill Behan Lumber Co., 31 F.3d. 668, 671-72 (8th Cir. 1994).

not waived its Eleventh Amendment immunity as to ADEA suits.  Furthermore, the Supreme Court has ruled that the ADEA did not abrogate states' Eleventh Amendment immunity.  Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000).

Plaintiff appears to contend that 1) the MDMH's "data-gathering" protocol somehow "negated any right to assert any immunity claim"; and 2) Eleventh Amendment immunity does not apply because plaintiff has never been an employee of the State of Missouri.  Both of these contentions are meritless.  Firstly, whatever procedures MDMH has in place for its hiring practice has no bearing whatsoever on whether it has knowingly waived its Eleventh Amendment immunity.  Secondly, it is the status of the defendant, not the plaintiff, which is determinative of whether Eleventh Amendment immunity exists.  Defendant is entitled to immunity from plaintiff's ADEA claim because it is a state agency.

In light of the Court's findings, the defendant's motion for judgment on the pleadings will be granted.

Dated this __27th__ day of September, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE