**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **GEORGE W. CARLISLE, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV2415SNL |
| ) | |
| **MISSOURI DEPARTMENT OF** ) | |
| **MENTAL HEALTH,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

*Pro se* plaintiff has filed this Title VII discrimination action alleging that the defendant failed to hire him for four (4) separate job positions on the basis of race. This matter is before the Court on the defendant's motion for summary judgment (#25), filed October 25, 2006. Responsive pleadings have now all been filed and the matter is ripe for disposition. This cause of action is currently set for trial on the Court's February 5, 2007 trial docket.

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material

fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Citrate, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). Although summary judgment should seldom be granted in employment discrimination cases, it is proper in those cases wherein the plaintiff fails to establish a factual dispute on an essential element of the case. Snow v. Ridgeview Medical Center, 128 F.3d. 1201, 1205 (8th Cir. 1997), *citing* Bialas v. Greyhound Lines, Inc., 59 F.3d. 759, 762 (8th Cir. 1995). "Although summary judgment is to be used sparingly in employment discrimination cases, it is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of its claim." Whitley v. Peer Review Sys., Inc., 221 F.3d. 1053, 1055 (8th Cir. 2000)(citations omitted). The Eighth Circuit has "repeatedly cautioned that summary judgment should seldom be granted in the context of employment actions, as such actions are inherently fact based. Summary

judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." Hindman v. Transkrit Corp., 145 F.3d. 986, 990 (8th Cir. 1998)(citations omitted); *see*, Mayer v. Nextel West Corp., 318 F.3d. 803, 806 (8th Cir. 2003) *citing* Keathley v. Ameritech Corp., 187 F.3d. 915, 919 (8th Cir. 1999). However, it is clear that to survive summary judgment, a plaintiff must support his/her allegations with sufficient probative evidence to permit a finding in the plaintiff's favor based upon more than mere speculation, conjecture, or fantasy. Putnam v. Unity Health Systems, Inc., 348 F.3d. 732, 733-34 (8th Cir. 2003) *quoting* Wilson v. Int'l Bus. Mach. Corp., 62 F.3d. 237, 241 (8th Cir. 1995); Girten v. McRentals, Inc., 337 F.3d. 979, 982 (8th Cir. 2003)(plaintiff's theory of age discrimination failed "[b]ecause this theory is supported more by contentions and speculation than evidence, it is insufficient to withstand summary judgment.").

The material facts of this case are largely undisputed.[1] Plaintiff is an African-American male. Defendant is a state agency of the State of Missouri. Plaintiff submitted his resume for job listings with the defendant sometime in 2004-2005[2]; including but not limited to, the following job listings:

| Computer Information Technologist I | Certificate #0508006 |
| Accountant I | Certificate #0505514 |
| Accountant I | Certificate #0505191 |
| Accountant I | Certificate #0408700 |

---

[1]The Court is aware that plaintiff has filed certain "denials" to the Statement of Facts filed by the defendant; and these "denials" will be later addressed.

[2]Neither the plaintiff nor the defendant provide substantial factual background in the case. For example, neither party provides the Court with any information as to the dates or time-period in which plaintiff submitted his resume or his resume was considered. The Court presumes that plaintiff's resume was considered sometime in 2004-05 for the subject job listings based upon the dates of the opening(s) and closing(s) of said listings. In the future, sufficient facts germane to the matters at issue shall be provided to the Court so that the Court need not sift through scant evidence on the record to extrapolate the necessary facts to make an informed determination.

At the time plaintiff applied for these four (4) positions, he was not working for defendant or for the State of Missouri. At the time plaintiff applied for these four (4) positions, he had never worked for the defendant nor the State of Missouri in any capacity; especially as an accountant or an accountant clerk. At the time plaintiff applied for these four (4) positions, plaintiff had not had any training regarding the accounting system(s) for the State of Missouri nor was he familiar (as the result of any other training or educational experience) with the state-wide accounting system. Defendant's Exhibit A - Plaintiff's Deposition, pg. 13.

Defendant is part of the Missouri Merit System. Applicants for job openings covered by the merit system must first submit an application for examination to the Missouri Division of Personnel. The Division of Personnel then determines applicant eligibility for examination and administers the examination, if said applicant is determined to be eligible. Successful applicants are then placed on a merit system register of eligibles in rank order of examination scores. When the Department wants to fill a position, it requests a "certificate" of eligibles form which an appointment can be made, contacts the certified eligibles to determine availability, requests resumes, and then schedules job interviews. Only those eligible candidates with suitable qualifications relevant to the specific positions as determined by the resume and/or application are selected for interviews. The selected candidates are then interviewed and subjected to background screening checks to determine which are most suitable for the position sought and an offer is made to these candidates. Defendant's Exhibit B.

### Certificate #0508006 - Computer Information Technologist I

Although listed, no appointments were made; i.e. no one was hired to fill this position.

### Certificate #0505191 - Accountant I

Although listed, no appointments were made; i.e. no one was hired to fill this position.

## Certificate #0505514 - Accountant I

The Accountant I position for Certificate #0505514 was assigned to the defendant's Accounts Payable Reporting unit. By submitting his resume, plaintiff put the defendant on notice that he was interested in being considered for the position.

The primary job duty for this Accounting I position is the review and approval of payment documents that the various mental health facilities are inputting into the state-wide accounting system. A person in this position is expected to review payment documents for coding accuracy, compliance with state travel rules, and other state-wide policies and statutes.[3]

Plaintiff's resume does not list any experience with the Missouri state-wide accounting system nor with the review and/or approval process for Missouri payment documents. Plaintiff's Exhibit 6[4]; Plaintiff's Deposition, pgs. 20-24.

Since it appeared to the defendant that most of plaintiff's work experience (as to this position) was dealing with installing and maintaining computer systems and software, and since he lacked any relevant work experience with the review and approval of payment documents inputted by the various mental health facilities into the state-wide accounting system, defendant decided not to interview or consider further plaintiff for the position.

---

[3]Plaintiff has submitted job announcements for similar positions as of November 20, 2006. These job announcements are not relevant to the matters at hand since they are for different jobs than the subject job positions and the Court is not in a position to adjudge the qualifications of these November 2006 job listings with the job listings which plaintiff sought to fill since neither party submitted the job postings for the subject positions. Furthermore, plaintiff does not specifically dispute the defendant's description of the subject job posting(s) per its discovery responses but instead keeps referring to the job postings he has submitted with his response. As stated before, the job postings submitted by the plaintiff will not be considered since they are not the ones at issue.

[4]The Court notes that there is no Plaintiff Exhibit 4 filed with the Court so it is unclear whether plaintiff erred in numbering his exhibits; however, since his resume is marked as Exhibit 6 the Court will reference it by that number.

Defendant ultimately filled the position with the appointment of Tammy Wall, a white female. Ms. Wall had over fifteen (15) years experience with the State of Missouri, eight (8) of those years working as an Account Clerk; thereby, having considerable hands-on experience with the state-wide accounting system. Defendant's Exhibit B. Ms. Wall also had prior experience with budgeting and payroll processing with the State of Missouri. This is an asset for someone working in the accounting unit since cross-training has been necessary due to budget cuts for various positions within the Accounts Payable Reporting unit. Finally, for the year prior to her appointment for this position, Ms. Wall had been doing similar work for the Missouri Department of Health. Defendant's Exhibit B.

### Accountant I - Certificate #0408700

The Accountant I position for Certificate #0408700 was for a position assigned to the defendant's Cottonwood Residential Treatment Center (CRTC) located in Cape Girardeau, Missouri. The applicant would be responsible for accounts payable, a non-appropriated fund system, property control, report preparation, Medicaid and insurance reimbursements, supervision of subordinate staff, and other related functions. Defendant's Exhibit B. Furthermore, the applicant must have a good working relationship with maintenance and janitorial staff of Southeast Missouri State University (SEMO) which provides CRTC with support in those areas. Defendant's Exhibit B.

By submitting his resume, plaintiff put the defendant on notice that he was interested in filling this position. After plaintiff responded to an initial inquiry by defendant regarding this position, the defendant chose not to interview plaintiff or further consider him for the position because an internal candidate was promoted to fill the position. Defendant's Exhibit B.

Ms. Karen Mayfield, a white female, was promoted to the position on May 16, 2004. She had been employed as an Account Clerk at CRTC at the time of her promotion. She had favorable prior experience in both of the subordinate Account Clerk positions, and was familiar with the local computer system which she would supervise as an Accountant I. Defendant's Exhibit B. Due to her prior work experience, she was able to move into the position with minimal training or downtime. Furthermore, due to her prior work experience as an Account Clerk, she was able to train new people to the job. Finally, Ms. Mayfield had previously worked with SEMO and had already established a positive relationship with SEMO personnel. Defendant's Exhibit B.

His accounting work experience aside, plaintiff had never worked with SEMO personnel or for SEMO. Plaintiff's Deposition, pg. 14.

On April 15, 2005 plaintiff filed a charge of discrimination against defendant regarding the subject job positions.[5] On September 28, 2005 plaintiff received a Right-to-Sue letter from the EEOC adopting the findings of the MCHR.[6] On December 30, 2005 plaintiff filed his complaint of discrimination against defendant regarding the four (4) subject job positions. He contends that the defendant's refusal to hire him for all (4) of the subject job positions constitutes a "continuing violation" and that the defendant's reasons for not hiring him for at least two (2) of the positions are pretextual because he was qualified for the positions irrespective of not possessing the "additional" attributes cited by the defendant.

---

[5]Plaintiff's charge listed only race and age discrimination. Plaintiff's original complaint in this cause of action sought relief for failure-to-hire claims of race, age, and gender discrimination as to the subject job positions. However, the Court dismissed the claims based on age and gender discrimination. *See*, Court Order #21, filed September 27, 2006.

[6]Once again, the evidentiary record is barren because neither party filed a copy of the MCHR's findings regarding plaintiff's agency charge of discrimination.

7

Defendant contends that it is entitled to summary judgment on the plaintiff's failure-to-hire claim because 1) plaintiff's claim as to Certificate #0408700 is time-barred because he failed to file his administrative charge within 300 days of the alleged unlawful act; 2) plaintiff has failed to make a *prima facie* case of race discrimination as to Certificate #0508006 and Certificate #0505191 because these positions were never filled; and 3) plaintiff has failed to demonstrate pretext as to Certificate #0408700 (assuming plaintiff's claim as to this position is not time-barred) and Certificate #0505514 because more qualified individuals were hired.

Local Rule 4.01(E) states in relevant part:

> Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

Defendant filed a proper Statement of Facts with its summary judgment motion.[7] Plaintiff has failed to file a pleading which specifically disputes any of the material facts listed by defendant. Plaintiff has failed to file a pleading which comports with the requirements of Local Rule 4.01(E). What plaintiff has filed is his response and a "motion to strike" which generally admits all material facts but also adds "additional facts" and a few irrelevant denials. These denials and additional facts are nothing more that argument which fails to cite any supporting evidence in the record. His denials/additional facts consist of legal conclusions, suppositions, and

---

[7]In the future, the Court suggests that for ease of review counsel file a separate memorandum of law in support and a separate statement of uncontroverted facts with summary judgment motions.

matters totally unrelated to the issues raised in this case.[8] Thus, the Court finds that all matters set forth in the defendant's statement of facts are deemed admitted for purposes of the instant summary judgment motion, *see*, Ruby v. Springfield R-12 Public School District, 76 F.3d. 909, 911 n.6 (8th Cir. 1996), and will now apply the relevant law.

**Certificate #0408700**

Contrary to the plaintiff's contention each time he sought a position and defendant failed to hire him for said position, was a single, discrete act; not a continuing violation. Woodland v. Joseph T. Ryerson & Son, Inc., 302 F.3d. 839, 842 (8th Cir. 2002); Herrero v. St. Louis University Hospital, 109 F.3d. 481, 486 (8th Cir. 1997). Under Title VII, a charge of discrimination must be filed with the EEOC and/or the MCHR within 180 days after the occurrence of the last discriminatory act; this is extended to 300 days since Missouri is a "deferral" state. *See*, Dring v. McDonnell Douglas Corp., 58 F.3d. 1323, 1327-28 (8th Cir. 1995); 42 U.S.C. §2000e-5(e)(1). Ms. Mayfield was promoted to the position of Accountant I pursuant to Certificate #0408700 on May 16, 2004. Carlisle has until March 12, 2005 to file his charge of discrimination as to defendant's refusal to hire him for this position; however, he did not file his charge until April 15, 2005. Since plaintiff filed his charge over 300 days from the date of Ms. Mayfield's promotion, and offers no explanation as to the untimeliness of the charge, the Court finds that plaintiff's claim as to Certificate #0407800 is time-barred and summary judgment will be granted to defendant as to this claim.

**Certificate #0508006 and Certificate #0505191**

---

[8]Upon review, the Court concurs with the defendant's analysis regarding plaintiff's response as to defendant's statement of facts. *See*, Document #28, pgs. 2-7.

9

As for plaintiff's claims regarding these two (2) certificates, the Court finds that plaintiff has failed to provide evidence which establishes a *prima facie* case of race discrimination as to defendant's failure to hire plaintiff for either one of these positions.

A plaintiff in a Title VII race discrimination case can proceed in one of two ways. Stacks v. Southwestern Bell Yellow Pages, 996 F.2d. 200 (8th Cir. 1993). When a plaintiff produces direct evidence, such as statements by decisionmakers clearly showing that race was a motivating factor in the employment decision; or at least significant circumstantial evidence showing a specific link between the discriminatory animus and the challenged employment decision, the burden-shifting standards established by Price-Waterhouse v. Hopkins, 490 U.S. 228 (1989), come into play. Stacks v. Southwestern Bell Yellow Pages, 996 F.2d. at 201 n.1; Beshears v. Asbill, 930 F.2d. 1348, 1353 (8th Cir. 1991). In the absence of such evidence, the guidelines set forth in McDonnell-Douglas v. Green, 411 U.S. 792 (1973) are applicable. Stacks v. Southwestern Bell Yellow Pages, 966 F.2d. at 202; Johnson v. Minnesota Historical Society, 931 F.2d. 1239, 1242-43 (8th Cir. 1991); Halsell v. Kimberly-Clark, 683 F.2d. 285, 289 (8th Cir. 1982), *citing*, Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981), *cert. den.*, 459 U.S. 1205 (1983). Since there is no direct evidence or specific circumstantial evidence of race discrimination, the Court will analyze plaintiff's discrimination claims under the McDonnell Douglas standard.

McDonnell Douglas, *supra*., established a three-part analysis for Title VII disparate treatment cases. Under McDonnell Douglas, a Title VII plaintiff must first establish a *prima facie* case of intentional discrimination by a preponderance of the evidence. If the plaintiff successfully establishes a *prima facie* case of intentional discrimination, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment action. If the

defendant employer meets this burden of production, the plaintiff employee must show by a preponderance of evidence that the articulated reason(s) for the challenged employment action are pretextual and that the illegitimate criterion was the motivating reason. At all times the plaintiff employee possesses the ultimate burden of proving to the Court that s/he was the victim of intentional discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993); Ghane v. West, 148 F.3d. 979, 981 (8th Cir. 1998); McCullough v. Real Foods, 140 F.3d. 1123, 1126-27 (8th Cir. 1998); Rose-Maston v. NME Hospitals, 133 F.3d. 1104, 1107-08 (8th Cir. 1998); Rothmeier v. Investment Advisors, 85 F.3d. 1328, 1332 (8th Cir. 1996); Ruby v. Springfield R-12 Public School Dist., 76 F.3d. 909, 911-12 (8th Cir. 1996); Favors v. Fisher, 13 F.3d. 1235, 1237-38 (8th Cir. 1994). In establishing a *prima facie* case of intentional discrimination, Carlisle must produce sufficient evidence to support an inference that he was not hired for either one of these positions for racially discriminatory reasons. Williams v. Ford Motor Co., 14 F.3d. 1305, 1308 (8th Cir. 1994); Favors v. Fisher, 13 F.3d. 1235, 1237 (8th Cir. 1994). The threshold of proof required in establishing a *prima facie* case is "minimal". Johnson v. Arkansas State Police, 10 F.3d. 547, 551 (8th Cir. 1993). "The elements necessary to establish a prima facie case vary according to the circumstances of the alleged discrimination." Favors v. Fisher, at 1237 *quoting* Jones v. Frank, 973 F.2d. 673, 676 (8th Cir. 1992); *see also* Williams v. Ford Motor Co., at 1308.

A plaintiff establishes a *prima facie* case in a "failure-to-hire" case when s/he proves 1) s/he is a member of a protected class; 2) s/he was qualified for the position for which the employer was accepting applications; 3) s/he was denied the position; and 4) the employer hired someone from outside the protected class. Arraleh v. County of Ramsey, et. al., 461 F.3d. 967, 974 (8th Cir. 2006) *citing* Kobrin v. Univ. of Minn.,34 F.3d. 698, 702 (8th Cir. 1994).

11

Defendant has offered evidence that no one was hire to fill these positions. Defendant's Exhibit B. Plaintiff's only rebuttal is that he was "more qualified" than other applicants, that the standard for establishing a *prima facie* case is "minimal", and that defendant did not fill these two (2) positions so it could do so later. Plaintiff's arguments are meritless.

Firstly, it is immaterial whether or not he was allegedly "more qualified" than other applicants since ultimately no one was hire to fill these positions.[9] Secondly, although the standard of proof is "minimal" at the *prima facie* stage, plaintiff is still obligated to offer some evidence establishing each of the four (4) elements which he has not done so as to the fourth element of his *prima facie* case. Finally, it is clearly speculative for this Court to assume that defendant allegedly by-passed him (and other qualified black applicants) in order to fill these positions at some later date. The fact is that defendant did not fill these positions and plaintiff has failed to offer any evidence that defendant did actually fill these positions with individuals from outside the protected class. Thus, plaintiff did not establish the fourth (4) element of his *prima facie* case as to these two (2) certificates, and summary judgment will be granted to defendant.

## Certificate #0408700 and 0505514

Assuming that Certificate #0408700 were not time-barred, and plaintiff had made out a *prima facie* case as to Certificate #0408700 as well as Certificate #0505514, defendant has articulated a legitimate, non-discriminatory reason(s) for filling these two (2) positions with persons outside the protected class; and plaintiff has failed to demonstrate that these reasons were a pretext for race discrimination.

---

[9]As to whether or not plaintiff was "more qualified" is a determination that this Court cannot make since plaintiff did not offer any evidence as to the other applicants' qualifications.

12

Defendant avers that it hired individuals for these two (2) positions who it deemed to be more qualified than plaintiff due to more extensive relevant work experience and additional skills deemed beneficial to the positions. Ms. Wall and Ms. Mayfield both had prior work experience with accounting systems and procedures for the State of Missouri at the time they were hired for the subject positions. Plaintiff had never worked for defendant nor the State of Missouri at the time he applied for these positions. Plaintiff had never worked as an accountant or an account clerk for the State of Missouri and was not familiar with the state-wide accounting systems, as were Ms. Wall and Ms. Mayfield. Although plaintiff was minimally qualified for these positions, Ms. Wall and Ms. Mayfield were more qualified due to their prior work experience.

Furthermore, due to Ms. Wall's prior work experience as an Account Clerk I with the State of Missouri (i.e.; Missouri Department of Health), she was familiar with budgeting and payroll processing with the State of Missouri, and was able to handle these additional responsibilities, if necessary, as an Accountant I with defendant. Ms. Mayfield also had additional skills the defendant deemed advantageous to the subject job position. She had prior work experience as an Account Clerk I at CRTC and a present positive work relationship with the maintenance and janitorial staff at SEMO. She was also already familiar with the local computer systems, thereby, eliminating or reducing the training time for the position.

Plaintiff claims that since these "additional skills" were not specifically required in the subject certificates, then defendant's reason(s) are a pretext because he met all of the "necessary qualifications".[10] Identifying those strengths that constitute the best qualified person for each of these certificates is for the defendant to do, not the Court because "the employment discrimination

---

[10]Since the certificates were not submitted by either party as exhibits, the Court will assume, for purposes of this summary judgment motion, that plaintiff met the basic requirements of Certificates #0408700 and #0505514.

13

laws have not vested in the federal courts the authority to sit as super-personnel departments, except to the extent those judgments involve intentional discrimination." Kincaid v. City of Omaha, 378 F.3d. 799, 805 (8th Cir. 2004); *see*, Arraleh, at 976 (citations omitted).

The evidence before the Court, looking at it in a light most favorable to the plaintiff, does not allow any reasonable juror to conclude that the hiring of Ms. Wall and/or Ms. Mayfield was the result of race discrimination. Carlisle offers no evidence that would support an inference that the defendant's reason(s) for hiring either Ms. Wall or Ms. Mayfield were pretextual. In fact, Carlisle fails to offer any evidence whatsoever regarding the qualifications of either one of these women who were ultimately hired for the subject positions. Moreover, he stated at his deposition that he was entirely unaware of either one of these women's qualifications for the subject positions. Plaintiff's Deposition, pgs. 20-22; 23-24. Plaintiff has failed to demonstrate that defendant hired a "less qualified applicant" as opposed to an equally qualified (or in this case, a more qualified) applicant; thus, his claim must fail. Arraleh, at 976 *citing* Kincaid, at 805 (internal citations omitted); *see also*, Lidge-Myrtil v. Deere & Co., 49 F.3d. 1308, 1311 (8th Cir. 1995)("Although [an employee] does possess the experience and some of the other qualities essential for success in the position, this does not suffice to raise an inference that [the employer's] stated rationale for giving the position to another is pretextual."); Pierce v. March, 859 F.2d. 601, 604 (8th Cir. 1988)("The mere existence of comparable qualifications between two applicants, one black male and one white female, alone does not raise an inference of racial discrimination.").

*Assuming arguendo* that plaintiff had established a *prima facie* case for Certificates #0408700 and #0505514, he failed to present sufficient evidence to support a finding that the

defendant's declared reason(s) for not hiring him was a pretext for race discrimination. Summary judgment will be granted to defendant as to these claims.

In light of the above findings, the Court finds that plaintiff has failed to create any genuine issue of material fact as to his failure-to-hire on the basis of race discrimination claims regarding Certificates #0508006, 0505191, 0408700, and 0505514, and summary judgment will be granted to defendant on all claims as currently contained in the plaintiff's complaint.

Dated this ___18th___ day of January, 2007.

*[signature: Stephen N. Limbaugh]*
SENIOR UNITED STATES DISTRICT JUDGE